JjPLOTKIN, Judge.
Officer Ronald Moore was found to have violated the New Orleans Police Department Rules and Procedures of moral con- *1281 duet, professional conduct and performance of duty, for displaying a photograph of a nude female to a co-worker. Consequently, he was suspended from his position for 120 days. Officer Moore is presently before this court seeking review of the decision of the Civil Service Commission denying his appeal. We affirm for the reasons below.

FACTUAL AND PROCEDURAL HISTORY:

The parties dispute the facts giving rise to this case.
Appellant relates that on September 19, 1998, he was at the Fourth District Police Station talking on the telephone with his wife. Officer John Hall approached and handed appellant a photograph of a nude female. Officer Linda Howard then jumped up from her seat, a few feet away, and grabbed the photograph from appellant. After Officer Howard looked at the photograph, she became offended and asked appellant why he showed the photograph to her. | ¡.Officer Howard filed a complaint with the New Orleans Police Department (NOPD) against appellant that same day. .
Appellee represents that on September 19, 1998, Officer Linda Howard was seated at a desk working on inputting payroll. Officer Moore placed a photograph of a nude female on the counter in front of Officer Howard. Officer Moore then asked Officer Howard, “Do you like this?” and then laughed at Officer Howard’s reaction. Officer Howard responded, “I don’t like that,” and then took the photograph and put it in her pocket. Officer Moore left the station. Officer Howard immediately reported the incident to Sergeant Anderson. Officer Howard testified that she did not see Officer Hall at any time that day.
Officer Hall testified that on September 19, 1998, as he was getting off duty, he pulled his car into the parking lot of the police station. Officer Hall had observed Officer Moore entering the station. As Officer Hall walked across the lot to enter the station, he found a photograph of a nude female lying on the ground. Officer Hall thought that the photograph might belong to Officer Moore, so he picked up the photograph and entered the station with it. Once inside the station, Officer Hall observed Officer Moore on the telephone., Officer Hall handed the photograph to Officer Moore, who then laughed. Officer Hall then left the station and did not observe any interaction between Officer Moore and Officer Howard. Officer Hall did see Officer Howard, when he turned in his keys at the desk.
Sergeant Burnell Nevil, of the NOPD Public Integrity Division, testified that he conducted an investigation into the incident, subsequent to Officer Howard’s | acomplaint. Officer Howard alleged Officer Moore made violations against truthfulness, professionalism, instructions from an authoritative source taken, and sexual harassment in a hostile workplace. Based on interviews and the photograph, Sergeant Nevil concluded that the allegations were substantiated.
The NOPD sustained charges against Officer Moore for violations of NOPD policies regarding professionalism, instructions from an authoritative source and truthfulness. Superintendent Richard Pennington imposed a suspension for 120 days[1] on Officer Moore in response to these violations.
Officer Moore appealed the disciplinary action to the Civil Service Commission. On January 27, 2000, the Commission affirmed the decision of the NOPD. Officer Moore now appeals.

ASSIGNMENT OF ERROR:

By this sole assignment of error, appellant asserts that the Civil Service *1282 Commission acted arbitrarily, capriciously, and contrary to the law and to the facts in upholding NOPD's suspension of appellant. Specifically, appellant asserts that he was not untruthful in his Public Integrity Division (PID) statement to NOPD. Appellant argues that nowhere in his PID statement did he state that he and Officer Hall had engaged in conversation or that Officer Hall observed Officer Howard grab the photograph.
In response, the City argues that Officer Moore’s entire version of events as related in his PID statement were determined to be false by the NOPD and by the | ¿Civil Service Commission. The City asserts that the credibility determination made by the Commission was neither arbitrary nor capricious, but grounded upon a factual determination that Officer Howard was at her desk at the time of the incident.
In its January 27, 2000 decision, the Civil Service Commission stated:
Appellant denied that he ever showed the picture to Officer Howard. Appellant stated that when Officer Hall handed him the picture, Officer Howard came over and took the picture away from Appellant and refused to give it back. Thus, Appellant claimed that he never intended for Officer Howard to see the picture and that Officer Howard was being nosy. Appellant claimed that Officer Hall observed Officer Howard grab the photograph from Appellant.
This case turns on assigning credibility to two conflicting versions of the facts. The Hearing Examiner observed the witnesses and believed Officer Howard. So do we. At the time of the incident Officer Howard was sitting at her desk putting payroll information into the computer. The only way she would have seen the picture is if Appellant had brought it to her attention.
Appellant’s conduct was unprofessional and in violation of instructions from an authoritative source (i.e., displaying an offensive photograph to another officer). Appellant was untruthful in relating the facts surrounding the incident to his supervisors. His statement that Officer Hall was a witness to the way that Officer Howard observed the photograph was denied by Officer Hall (who had left the station at the time Officer Howard saw the photograph.).
A permanent classified City Civil Service employee cannot be subjected to disciplinary action except for cause expressed in writing. La. Const. of 1974 art. X, § 8(A). “Legal cause exists whenever an employee’s conduct impairs the efficiency of the public service in which the employee is engaged.” Cittadino v. Department of Police, 558 So.2d 1311, 1315 (La.App. 4 Cir.1990). The employee’s appointing authority bears the burden of proving by a preponderance of the evidence that the conduct at issue “impaired the efficiency of the public service and that it bears a real and substantial relationship to the efficient operation of the public |Bservice.” Id.
The Civil Service Commission reviews all removal and disciplinary cases, and an appeal from the Commission is heard before the court of appeal. Walters v. Dept. of Police of the City of New Orleans, 454 So.2d 106, 113 (La.1984). In Walters, the Louisiana Supreme Court stated the appellate court’s standard of review:
In reviewing the commission’s findings of fact, the court should not reverse or modify such a finding unless it is clearly wrong or manifestly erroneous. In judging the commission’s exercise of its discretion in determining whether the disciplinary action is based on legal cause and the punishment is commensurate with the infraction, the court should not modify the commission’s order unless it is arbitrary, capricious or characterized by abuse of discretion.
Id. at 114. “When there is a conflict in testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed on review. When *1283 there are two permissible views of evidence, the fact finder’s choice cannot be manifestly erroneous.” Saacks v. City of New Orleans, 95-2074, p. 13 (La.App. 4 Cir. 11/27/96), 687 So.2d 432, 440, vrrit denied, 97-0794 (La.5/9/97), 693 So.2d 769, cert. denied, 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 230 (1997).
In the instant case, the Commission reviewed the evidence and testimony regarding the complaint against the appellant. The Commission determined that Officer Howard’s version of the facts was more credible, and found that “[t]he only way she would have seen the picture is if Appellant had brought it to her attention.”
IfiThis case involves a he said — she said set of facts. No eyewitnesses came forward to present testimony to corroborate either version. The Commission had broad discretion to decide which factual rendition was more credible. Based on the record before this court, we find that the Commission’s decision, based on the facts presented by Officer Howard, was not manifestly erroneous. The testimony presented by Officer Howard was reasonably credible and provided the Commission with reasonable inferences as to what occurred at the station on the date in question. Thus we will not disturb the Commission’s findings.
Accordingly, we find no merit to this assignment of error.

CONCLUSION:

For the foregoing reasons, we affirm the decision of the Civil Service Commission.

AFFIRMED.

. The total suspension includes 20 days for violation of professionalism, 70 days for violation of truthfulness (moral conduct) and 30 days for violation of instructions from an authoritative source (performance of duty).